UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GARY WAYNE HERNTON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:17-CV-01441-AGF |
| | ) | |
| AARONS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the separate motions of Defendants Aarons, Inc. and Fred Royal to dismiss Plaintiff Gary Wayne Hernton's first amended complaint. ECF Nos. 37 and 38. For the reasons set forth below, Defendant Royal's motion will be granted, and Defendant Aarons Inc.'s motion will be granted in part.

# BACKGROUND

Plaintiff filed this employment action pro se on May 4, 2017, naming as Defendants his employer, Defendant Aarons, Inc., and his supervisor, Defendant Royal. Plaintiff retained counsel and filed a first amended complaint, alleging that he was discriminated against on the basis of his race, age, and color, in violation of Title VII, 42 U.S.C. § 2000e-5, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.*, which led to his being wrongfully discharged. He alleges that he was terminated on December 4, 2015, and he was notified of his termination the next day, December 5, 2015. Plaintiff

1

alleges that he filed a charge of discrimination on or about September 30, 2016,[1] and he was provided with a right-to-sue letter on or about January 31, 2017.

Defendants filed separate motions to dismiss Plaintiff's first amended complaint. Defendant Royal argues that Plaintiff's allegations against him must fail because (1) an individual cannot be held personally liable on federal employment discrimination claims such as those asserted by Plaintiff; and (2) Plaintiff's MHRA claim fails on its face because Plaintiff failed to file his charge of discrimination within 180 days after the alleged act of discrimination took place. Defendant Aarons, Inc. argues that Plaintiff's federal and MHRA claims fail because the charge of discrimination was untimely filed; and (2) Plaintiff failed to allege facts establishing that his termination was due to his race, color, or age. In response, Plaintiff argues that the action is not time-barred because Plaintiff filed his charge of discrimination within 300 days after Plaintiff was terminated from his employment and that Plaintiff sufficiently stated a claim for which relief could be granted. Both Defendants filed replies addressing Plaintiff's arguments and identifying points not addressed by Plaintiff.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's

---

[1] Defendants state, Plaintiff does not dispute, and the Court agrees, that the date reflects a minor typographical error and that Plaintiff filed his charge of discrimination on September 30, 2016, not September 30, 2015.

factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

## DISCUSSION

In order to initiate a claim under Title VII and the MHRA a party must timely file a charge of discrimination with the administrative agency and receive a right-to-sue letter. 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002); *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Title 42 U.S.C. § 2000e-5(e)(1) is a charge filing provision that "specifies with precision" the prerequisites that a plaintiff must satisfy before filing suit. *Nat'l R.R. Passenger Corp.* 536 U.S. at 101. A plaintiff is required to file his charge of discrimination within 300 days of the allegedly discriminatory occurrence under Title VII and within 180 days under the MHRA. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007) (citing 42 U.S.C. § 2000e–5(e)(1) and Mo. Rev. Stat. § 213.030). Missouri is a deferral state and a work-sharing agreement exists between the EEOC and Missouri Human Rights Commission, so a complaint filed with the EEOC is considered filed with the MHRA on the same date. Mo. Rev. Stat. § 213.075(2).

Here, Plaintiff alleges in his first amended complaint that he was terminated on December 4, 2015 and notified of such termination on December 5, 2015. ECF No. 1 at ¶¶

13, 23). He alleges that he filed a charge of discrimination with the EEOC and Missouri Human Rights Commission on September 30, 2016, or 300 days after December 5, 2015, the date he was notified of the dismissal.

The United States Supreme Court has clearly held that the filing time for an EEOC charge begins to run when the plaintiff receives notice of a termination decision. *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981); *Delaware State College v. Ricks*, 449 U.S. 250, 259 (1981). Thus, it appears that Plaintiff's federal claims are timely.[2] However, Plaintiff's MHRA claim was filed well beyond the 180-day window. Failure to satisfy the exhaustion requirement under the MHRA bars the claim. *Reuther v. Operating Engineers Local 513, Journeymen & Apprenticeship Training Fund*, No. 4:11-CV-1781 CEJ, 2012 WL 2856473, at *1 (E.D. Mo. July 11, 2012). Consequently, Plaintiff's MHRA claims against both Defendants will be dismissed.

Moreover, Plaintiff's federal claims will be dismissed as to Defendant Royal because the definitions of "employer" in Title VII and the ADEA do not include individual supervisors, so Royal cannot be held liable under those acts. *McGuire v. St. Louis Cty., Missouri*, No. 4:17 CV 2818 CDP, 2018 WL 705050, at *2 (E.D. Mo. Feb. 5, 2018) (citing *Bonomolo–Hagen v. Clay Cent.–Everly Comm. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (Title VII); *Kelleher v. Aerospace Comm. Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) (ADEA)).

---

[2] Plaintiff argues that December 7, 2015, should be considered the date of termination because December 5, 2015 was a Saturday and not an official work day for Plaintiff. However, Plaintiff cites no case law in support of this proposition, and the Court is not persuaded by such an argument.

4

Remaining, then, are Plaintiff's claims against Defendant Aarons, Inc. under Title VII and the ADEA. Defendant Aarons, Inc. argues that Plaintiff failed to state a claim for which relief may be granted. A plaintiff asserting a race discrimination claim must plead that (1) he is a member of a protected class; (2) he was qualified for the position (sometimes articulated as meeting the employer's legitimate expectations); (3) he suffered an adverse employment action; (4) under circumstances permitting an inference that the action was a result of unlawful discrimination. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 520 (8th Cir. 2010). A plaintiff asserting an age discrimination claim must plead that (1) he is over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class were treated more favorably. *Id.* at 523.

In his amended complaint, Plaintiff alleges that he is an African American man over the age of 42. He claims that over the course of a nine-month period prior to July 2015, he received bonuses for exemplary work. Plaintiff contends that starting in July 2015, he was systemically harassed at his workplace by Defendant Royal and his "lunch-buddies" and that such harassment was motivated by antipathy toward Plaintiff's rage, age, and color and ultimately resulted in his termination. He details many of these incidents in his first amended complaint. He further alleges that other similarly-situated employees were not subjected to the hostility or harassment and were given better treatment than Plaintiff, including being allowed extended lunch breaks and to come in late without consequences. Plaintiff nowhere alleges, however, that the similarly-situated employees receiving better treatment were outside the class claimed by Plaintiff. As such, Plaintiff's claims as

5

currently alleged fail to state a claim. The Court, however, will give Plaintiff leave to file a complaint amending Plaintiff's claims concerning similarly situated individuals, assuming that Plaintiff has facts to support such a claim.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Fred Royal's motion to dismiss is **GRANTED**, and Plaintiff's claims against Defendant Royal are dismissed. ECF No. 37.

**IT IS FURTHER ORDERED** that Defendant Aarons, Inc.'s motion to dismiss is **GRANTED in part**, and Plaintiff's MHRA claims against Defendant Aarons, Inc. are dismissed.

**IT IS FINALLY ORDERED** that Plaintiff shall file a motion for leave to file an amended complaint, as set forth above, on or before **June 4, 2018.** Failure to do so will result in the Court granting Defendant Aarons, Inc.'s motion to dismiss as to Plaintiff's federal claims.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2018.

---

[3] Plaintiff argues in opposition to Defendant Aarons, Inc.'s motion to dismiss that he has stated a claim under 28 U.S.C. § 1981. However, there are no allegations of a violation of § 1981 in Plaintiff's amended complaint.